IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-JERSEY,

AT MAY TERM, 1842.

---

RULEF VAN DYKE v. ADMRS. OF CATHARINE VAN DYKE, DEC.

*In Error.   Matter of Practice.*

After a trial, verdict, and judgment for plaintiff in the court of Common Pleas; and after that judgment has been reversed in this Court upon a Writ of Error, the court will permit the plaintiff to amend by withdrawing his replication, and replying *de novo*, on equitable terms; provided the application for leave to amend, is made within a reasonable time.

---

This was an action of debt on a bond, and was brought into this court, by a writ of error to the court of Common Pleas of the county of Somerset, returnable here sometime previous to the term of February, 1836.   At that term it came on to be argued, and in the May term following, the judgment of the Common Pleas was reversed by the unanimous opinion of this court.   3 *Green's R.* 289, 301.   In May term, 1840, Mr. *Vroom* of Counsel with the defendants in error, who were plaintiffs below, moved for a venire de novo, assigning as a reason for not having

done so at an earlier day, that at the time when the judgment of reversal was pronounced in this court, the plaintiffs had received the debt and costs on an execution out of the Common Pleas, and could not therefore carry the cause down for trial; but the defendant having since that time, brought an action to recover back that money; it became necessary for the plaintiffs' protection to have a new trial in the original action. That application however, was refused; not on the score of time, but because, upon the issue which had been joined in the cause, a new trial would be of no use, since the plaintiffs, instead of replying the payment, upon which they relied as taking the case out of the statute, had put in, to a plea that the cause of action did not accrue within sixteen years, the general replication that it had accrued within that period. 2 *Har. R.* 478.

*Mr. Vroom* now (in February term, 1842) moves for leave to amend by withdrawing the general replication, and replying the payment which had been made on the bond, within sixteen years before the commencement of the action.

*J. S. Green* for the defendant, contra.

Opinion of the Court, by

HORNBLOWER, C. J. It is true, this action has been a long time depending, and it was brought on a very old bond. The bond was dated in May, 1797, payable in one year, and the action not commenced until 1827: nevertheless, if as alleged by the plaintiffs, a payment had actually been made on the bond, by the obligor, on the 4th of May, 1814, the action was commenced in time, and the defendant was not entitled to the protection of the statute of limitations. The only question then is, whether the cause is now in such a position before this court, that we can permit amendments to be made to the pleadings, and thus compel the parties to go to trial in this court, upon new issues, not formed or tried in the court below.

It is insisted by the defendant's counsel, that this is a motion for leave to alter and amend *the record:* or in other words, to make a new and different record, from that which was brought

into this court by the writ of error. But why may not this be done?

It was formerly holden that amendments at the common law could only be made while the proceedings were strictly *in paper :* they were then considered as *in fieri*, and under the control of the courts; but after the pleadings were once entered on record, no amendment could be permitted, except during the term in which such record was made and while, in legal language, the record was considered to be in the breast of the court. But a more enlightened and liberal judicial policy has long since prevailed. Amendments are now held to be entirely in the discretion of the courts, and are allowed, or disallowed, as the furtherance of justice may seem to require. *Rex* v. *Corp. of Grampound*, 7 *T. R.* 699; 2 *Archb. Prac.* 231, *Tit. Amendment.* They may be made at any time while the suit is pending and undetermined. Nor is it any ground for refusing an amendment, that an advantage is thereby taken away from the opposite party; for such must be the effect of every amendment. *Mestaer* v. *Hertz*, 3 *M. and S.* 450. Nevertheless, wherever amendments are permitted to be made, at the common law; the proceedings are in fact, or in legal contemplation, supposed to be *in fieri*, or *in paper* as it is termed: for where a final judgment has been given, and the record thereof made up and signed, the court cannot give leave to amend, except in such particulars as are within the statutes of amendment. *Co. Litt.* 260; 1 *Petersd. Abr.* 505 *Tit. Amend't.* But the proceedings in this case are *in fieri :* the judgment below has been reversed. It is now a nullity; and the record is here, subject to the control of this court, and liable to be amended as the ends of justice may require. In *Rogers* v. *Phinney*, 1 *Green's R.* 1, the declaration was amended by inserting new and special counts, after the judgment of this court had been reversed in the court of Appeals, and the record remitted to us, to be proceeded in according to law. It is true, in that case the action originated in this court: the pleadings between the parties, were on our files and under our control, until a final judgment should be entered: but I do not see, that that can make any difference in principle. We have now complete jurisdiction of the cause: the record of the Inferior Court, which embraces the pleadings is

here, and for aught I see, as much under our control, as if the cause had been originally commenced in this court.

In *The Utica Ins. Co.* v. *Scott*, 6 *Cowen*, 606, the Supreme Court of New York permitted the defendant to amend his plea, after the judgment of that court had been reversed in the court for the correction of errors, and the record remitted to the Supreme Court. In that case too, the amendment was made in the court where the action originated : but in *Pease et al.* v. *Morgan*, 7 *Johns. R.* 468, the cause had been removed into the Supreme Court by writ of Error to the Common Pleas, and the plaintiff below was allowed to amend his declaration upon terms, and a venire de novo was awarded. The court say, in allowing that amendment, they may be going further than the precedents, but not further than the reason and principles on which they are founded.

In *Rex* v. *Ponsonby*, 1 *Wils. R.* 303, Lee, C. Just. said "the Superior Court when error is brought, may make such amendments as the court below may :" but as the question then before the court was on a motion for leave to add a continuance, the Chief Justice remarked, that such amendments could only be made, when the superior court had something to amend by, and by which the Inferior Court might have amended. That case, however, is an authority showing that a court of Error, has the same control over the record that the court below had: and surely, if the court of Common Pleas had set aside the verdict in this case and ordered a new trial, they would have had a right to allow the pleadings to be amended, between the parties, on the usual and proper terms.

The only doubt I had on this matter, was, whether the application to amend did not come too late ; for liberal as the courts now are granting such motions, they must be made within a reasonable time. The delay however, I think has been satisfactorily accounted for ; and as the statute of limitations would now be an effectual bar to a new action, and as under such circumstances, amendments will be allowed, even in penal actions, I think the motion ought to be granted. *Petre* v. *Craft*, 4 *East*, 433 ; *Steel* v. *Sowerby*, 6 *D. and E.* 171 ; *Cross* v. *Kay*, *Id.* 543 ; *Maddock* v. *Hammett*, 7 *D. and E.* 55 ; *Bonfield* v. *Milner*, 2 *Burr.* 1098 ; 5 *Id.* 2835 ; *Dover* v. *Mestaer*, 4 *East*, 435, and

*vid.;* 1 *Petersd. Abr.* 531, *Margin, Tit. Amendments,* and cases there cited.

This being the opinion of the court, it is ordered that the plaintiffs below have leave to amend, by withdrawing their replication to the plea of the statute of limitations, and replying thereto, the payment alleged to have been made on the bond within sixteen years before the commencement of the suit; such amendments to be made on payment of the costs on the trial in the Common Pleas, and the costs in Error; and thereupon the defendant to have leave to rejoin, and upon issue joined, let a venire de novo issue.

*Amendment allowed on payment of costs.*